[Civ. No. 13023. Third Dist. Dec. 14, 1971.]

COUNTY OF TRINITY, Petitioner, v.
THE SUPERIOR COURT OF TRINITY COUNTY, Respondent;
KATHERINE M. TAYLOR, Real Party in Interest.

**COUNSEL**

Gerald A. Sperry, District Attorney, for Petitioner.

No appearance for Respondent.

Katherine M. Taylor, in pro. per., for Real Party in Interest.

**OPINION**

**PIERCE, J.**\*—On April 13, 1971, this court ordered the appeal in the above entitled matter treated as a petition for writ of mandate. This court ordered respondent to show cause why mandate should not issue. The latter order was to study and resolve a rather unique matter, the nature of which will become clear as the discussion below develops. We have determined respondent has no interest as trustee or otherwise in the property in litigation and that the writ must be denied.

█ We state at the outset that the property affected by this litigation is a portion of Union Street as that street is delineated on the survey plat of Weaverville, an unincorporated townsite. The portion affected is described by metes and bounds in the petition which started the litigation. It was a petition dated December 24, 1970, addressed to the Honorable Harold Underwood, judge of the Superior Court of the State of California, in and for the County of Trinity, and it prayed for a deed from the judge as a successor to the Honorable T. E. Jones, who was county judge on July 25, 1876.

The purpose of the proceeding was this: The portion of Union Street described in the petition is occupied by a firehall to which the county desired to quiet title. The local title company deemed that there was an outstanding cloud upon title vesting in the current superior court judge of Trinity County as trustee which a deed from him to the county would clear. For reasons stated below we do not share that position.

The petition avers that on that date the United States issued Letters

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Patent to the county judge under an Act of Congress passed therefor in trust "for the several use and benefit of the occupants of said townsite, according to their respective interests [citing the book and page of Trinity County records]."

The authorizing Act of Congress referred to was codified (Rev. Stats. (2d ed. 1878) ch. 8, §§ 2387-2389, 2391-2392) and in substance has been retained and is presently found in 43 U.S.C. § 718).

The authorizing act in California (Stats. 1867-68, ch. 523) provides in part relevant here to the effect that the county judge of each affected county is to cause a survey to be made and a map of such survey to be recorded of (1) all lots possessed or claimed by individuals and (2) all streets and other specified public lands. We have included section 5 of the act in the margin.[1] With reference to the public streets, etc., recordation of the map constituted a dedication and that terminated all functions of the county judge. (With his duties relating to the conveyancing of lots to individuals we are not here concerned.)

It is clear, of course, that in carrying out the duties specified, the county judge was acting as a trustee. It is equally clear that, insofar as the streets and other public lands are concerned, once dedication thereof had been effected by operation of law, the trust was terminated also by operation of law. (Civ. Code, §§ 871, 2279; Rest. 2d Trusts, § 334; *Cutrera* v. *McClallen* (1963) 215 Cal.App.2d 604-608 [30 Cal.Rptr. 444], hg. den.; *Stark* v. *Stark* (1960) 177 Cal.App.2d 561, 566 [2 Cal.Rptr. 151].)

When the trusteeship of the county judge to the streets and other public lands terminated, i.e., when the dedication occurred, title vested in the county, the governing body of which assumed all rights and responsibilities in connection therewith. The superior court, whether presided over by Judge Underwood, Judge Petersen, or any other judge had no authority (and therefore properly refused) to execute the deed requested.

Various arguments have been made, suggesting adverse claims which

---

[1]Section 5 provides: "All streets, roads, lanes and alleys, public squares, cemeteries and commons, surveyed, marked and platted on the map of any town site, as prescribed and directed by the provisions of this Act, shall be deemed and considered, *and they are hereby declared to be, dedicated to public use, by the filing of such town plat in the office of the County Recorder, and shall be inalienable, unless by special order of the Board of Supervisors of the county,* so long as such town shall remain unincorporated; and if such town shall at any time hereafter become incorporated, then the same shall become the property of such town or city, and shall be under the care and subject to the control of the Board of Trustees or other municipal authority of such town or city." (Italics added.)

have been raised challenging the county's title to certain portions of the property within the townsite. If adverse claims exist, they cannot be quieted in this proceeding. The law affords adequate means in *adversary proceedings* to quiet title to real property. (See, e.g., Code Civ. Proc., § 738 et seq.)

The order to show cause is vacated.

Writ denied.

Friedman, Acting P. J., and Janes, J., concurred.